NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| CYNTHIA ADAMS-BUFFALOE, *et al.*, | : |
| Plaintiffs, | : Civil No. 18-17122 (RBK/AMD) |
| v. | : **OPINION** |
| STATE-OPERATED SCHOOL DISTRICT OF THE CITY OF CAMDEN A/K/A CAMDEN CITY SCHOOL DISTRICT, | : |
| Defendant. | : |

**KUGLER**, United States District Judge:

This matter comes before the Court upon Defendant's Motion to Dismiss Count I of Plaintiffs' Complaint (Doc. 20) and Plaintiffs' Motion to Amend/Correct the Complaint (Doc. 21.) For the reasons stated herein, the Motion to Amend/Correct the Complaint is **denied**, and the Motion to Dismiss is **granted**.

**I.     Background**

This action arises out of an employment dispute. Plaintiffs Cynthia Adams-Buffaloe, Hope Edwards-Perry, Jerry Brown, Leon Mashore, and Robert Atwell were former Vice Principals in the State-Operated School District of the City of Camden (the "District"). (Doc. 20-1, "Proposed Am. Compl." ¶1.) Plaintiffs allege that on June 30, 2016, the District abolished the position of "Vice Principal" and created a substantially similar position titled "Lead Educator." (*Id.* ¶¶ 2, 71.) Plaintiffs allege that the District refused to appoint Plaintiffs to Lead Educator positions, and the District instead appointed less qualified and less senior individuals. (*Id.* ¶ 2.) Plaintiffs argue that

1

the District's decision to demote and refuse to promote Plaintiffs amounted to discrimination on the basis of age. (*Id.*) Plaintiffs brought the matter before the New Jersey Office of Administrative Law, which proceeded to a full hearing. (*Id.* ¶¶16–22.) The Administrative Law Judge found that the District violated Plaintiffs' right of tenure by abolishing the Vice Principal title, refusing to assign Plaintiffs to Lead Educator positions, and thus essentially demoting Plaintiffs. (*Id.*) The "Commissioner of Education issued a final decision" adopting the Administrative Law Judge's findings and "clarifying that Plaintiffs were entitled to retroactive relief to July 1, 2016[.]" (*Id.* ¶77.) Plaintiffs plead that "the District has yet to comply with the Commissioner's directive." (*Id.*)

Plaintiffs filed this action in New Jersey Superior Court on November 6, 2018. (Doc. 1.) The Complaint pleads violations of the New Jersey Law Against Discrimination ("NJLAD"), the Age Discrimination in Employment Act, and Title VII of the Civil Rights Act of 1964. Defendant removed the case to this Court, citing federal question jurisdiction under 28 U.S.C. § 1331. (Doc. 1.) On December 19, 2018, the District filed a Motion to Dismiss Count I of the Complaint. (Doc. 5.) The Motion argued that the NJLAD claim was subject to a two-year statute of limitations. (*See* Doc. 5-1.) Plaintiffs did not oppose the Motion to Dismiss. Instead, Plaintiffs' counsel wrote a letter to the Court on January 3, 2019 indicating that they had "decided not to file opposition to the pending Motion[.]" (Doc. 7.)

On January 17, 2019, Magistrate Judge Donio held an initial scheduling conference with both parties. (*See* Doc. 13.) During this conference, Magistrate Judge Donio administratively terminated the case without prejudice, pending resolution of the proceedings before the Office of Administrative Law. (*Id.*) Accordingly, Magistrate Judge Donio dismissed the District's pending Motion to Dismiss without prejudice. (Doc. 11.)

On April 15, 2020, Magistrate Judge Donio conducted a status conference, and on that date, the Court reopened the matter, vacating the Order of administrative termination. (Doc. 18.) The next day, the District refiled its Motion to Dismiss, alleging identical arguments to that in its initial Motion to Dismiss. (Doc. 20, "Mot. to Dismiss.") On April 16, 2020, Plaintiffs filed a Motion to Amend the Complaint under Rule 15(a)(1)(B). (Doc. 21, "Mot. to Amend.") Plaintiffs' proposed Amended Complaint seeks to add allegations to establish that the District participated in an ongoing pattern of discrimination against Plaintiffs because the District disregarded the directives of the Commissioner of Education. (*Id.* ¶¶2, 75–78.) The District opposed the Motion to Amend the Complaint (Doc. 27, "Opp."), and Plaintiffs replied (Doc. 29, "Reply.")

In lieu of filing an opposition brief to the District's Motion to Dismiss Count I, Plaintiffs submitted a letter to the Court. (Doc. 30.) In this letter, Plaintiffs "submit that if the Court exercises its discretion to grant Plaintiffs' motion to amend, and the proposed amended complaint becomes the governing Complaint, then the District's" Motion to Dismiss becomes moot. (*Id.*) Plaintiffs additionally stated that "if the Court denies Plaintiff's motion to amend, then Plaintiffs' submit that they would not be in a position to oppose the District's instant motion to dismiss." (*Id.*)

**II.   Legal Standard**

   **A.  Motion to Amend**

Amendments to pleadings are governed by Federal Rule of Civil Procedure 15(a). Under Rule 15(a)(1), a "party may amend its pleadings once as a matter of course within . . . 21 days after serving it, or . . . 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Rule 15(a)(2) states that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

The Third Circuit has shown a strong liberality in allowing amendments under Rule 15 to ensure that claims will be decided on the merits rather than on technicalities. *Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990). Leave to amend under Rule 15 should be denied only in certain circumstances, such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice, or clear futility of the amendment[.]" *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Fed. Deposit Ins. Corp. v. Bathgate*, 27 F.3d 850, 874 (3d Cir. 1994). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (citation omitted). In other words, a claim is "futile" if it would not survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *Id.*; *United States v. Sensient Colors, Inc.*, No. 07-1275, 2009 WL 394317, at *3 (D.N.J. Feb. 13, 2009), *aff'd*, 649 F. Supp. 2d 309 (D.N.J. 2009). Accordingly, "futility" is governed by the same standard as a motion to dismiss.

### B. Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). In other words, a complaint survives a motion to dismiss if it contains enough factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To make this determination, courts conduct a three-part analysis. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the Court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the Court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* (quoting *Iqbal*, 556 U.S. at 680). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Iqbal*, 556 U.S. at 678). Finally, "when there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.* (quoting *Iqbal*, 556 U.S. at 679). A complaint cannot survive a motion to dismiss where a court can only infer that a claim is merely possible rather than plausible. *Id.*

In the Third Circuit, a statute of limitations defense may be raised under Rule 12(b)(6) only if the "time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Hanna v. U.S. Veterans' Admin. Hosp.*, 514 F.2d 1092, 1094 (3d Cir. 1975). However, at the motion to dismiss phase, it must be "apparent on the face of the complaint" that the statute of limitations bars the claim; otherwise "[the statute of limitations] may not afford the basis for a dismissal of the complaint under Rule 12(b)(6). *Bethel v. Jendoco Constr. Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1978).

### III. Discussion

#### A. Motion to Amend

Plaintiffs seek leave to amend their Complaint to add substantive allegations. (Mot. to Amend. at 2.) Plaintiffs argue these additional allegations will show "a pattern of wrongdoing against the Defendant for purposes of asserting a continuing violation relative to the statute of limitations." (Mot. to Amend at 2.)

### 1. Whether Rule 15(a)(1) or Rule 15(a)(2) Governs

As an initial matter, the parties disagree over whether the motion should be governed by Rule 15(a)(1) or by Rule 15(a)(2). If Rule 15(a)(1) applies, then Plaintiffs may freely amend their Complaint, as a matter of course, without requiring leave from the Court to do so. However, if Rule 15(a)(2) applies, then the Court may only grant leave to amend if it determines that the proposed amendments are not "futile."

Under Rule 15(a)(1), a party may amend its pleading once as a matter of course "21 days after service of a motion under Rule 12(b)[.]" Here, Plaintiffs filed their initial Complaint on November 6, 2018. On December 19, 2018, the District filed its Motion to Dismiss. Therefore, based on a plain reading of Rule 15(a)(1), Plaintiffs had 21 days from December 9, 2018 to amend their Complaint as a matter of course. Accordingly, Plaintiffs could freely amend their Complaint until January 9, 2019. Plaintiffs did not amend their Complaint within this timeframe. Accordingly, Defendants argue that Plaintiffs cannot now seek leave to amend under Rule 15(a)(1).

In response, Plaintiffs argue that the time to amend their Complaint as a matter of course was "renewed" because Magistrate Judge Donio administratively terminated the case pending the outcome from the administrative court and dismissed Defendant's original Motion to Dismiss without prejudice. (Reply at 4–5.) On April 15, 2020, Magistrate Judge Donio vacated the order administratively terminating the case, and Defendant refiled its Motion to Dismiss on April 16, 2020. Therefore, Plaintiffs insist that they had a renewed 21-day period to amend as a matter of course from the date of refiling. (Opp. at 3–4.)

The Court finds Plaintiffs' argument unpersuasive for two reasons. First, nothing in Rule 15(a)(1) indicates that a party receives a renewed 21 days to amend as a matter of course after the refiling of a Rule 12(b) motion. Rather, Rule 15(a)(1) requires the party to amend its pleading

within 21 days after *service of a motion*. Accordingly, Defendant's refiling of its Rule 12(b) motion is immaterial for calculating Plaintiffs' deadline to amend. Plaintiffs have failed to cite any authority that would support otherwise. Second, and perhaps more importantly, Magistrate Judge Donio did not administratively terminate the case and dismiss Defendant's Motion to Dismiss until January 17—8 days after Plaintiffs' time elapsed to amend their Complaint as a matter of course. Therefore, Plaintiffs did not timely amend their Complaint within the original 21 days before the Motion to Dismiss was denied. Accordingly, because the Court finds that Plaintiff's 21-day period to amend their Complaint following the initial filing of the Rule 12(b)(6) Motion to Dismiss has expired, this Motion for Leave to File an Amended Complaint will be governed by Rule 15(a)(2).[1]

### 2. Whether the Amendment Would Be Futile

Defendant argues that the Court should not grant Plaintiffs leave to amend their Complaint because the proposed amendments would be futile. (Opp. at 6.) As noted above, an amendment would be futile if it would not survive a motion to dismiss. *Massarsky v. General Motors Corp.,* 706 F.2d 111, 125 (3d Cir.), *cert. denied,* 464 U.S. 937 (1983). Defendants argue that Plaintiffs amendments would be futile because, even accepting these amendments as true, Plaintiffs NJLAD claim is barred by the statute of limitations. (Opp. at 7.)

The NJLAD provides that "[a]ll persons shall have the opportunity to obtain employment, . . . without discrimination because of race, creed, color, national origin, ancestry, age, marital status, affectional or sexual orientation, familial status, disability, nationality, sex, gender identity

---

[1] The Court is aware of the substantially similar proceedings in *Brown v. Camden City School District*, No. 1:19-cv-00114, which is currently pending before the Court. That case and this case have been consolidated for discovery purposes only. (Doc. 9.) In *Brown*, the plaintiff filed a nearly identical Motion to Amend, asserting that she could amend as a matter of course under Rule 15(a)(1). *See* Mot. to Amend, *Brown v. Camden City School District*, No. 1:19-cv-00114. However, in *Brown*, the 21-day period for plaintiff to amend the Complaint as a matter of course had not lapsed when Magistrate Judge Donio issued the order administratively terminating the case. Accordingly, the Court found that Rule 15(a)(1) was the proper governing standard. Conversely, here, the time to amend had already lapsed when Judge Donio issued the order administratively terminating the case.

or expression[.]" N.J.S.A. 10:5–4. To establish a prima facie case of discrimination for a failure-to-promote claim under the NJLAD, a plaintiff "must show that (i) [he] belongs to a protected class; (ii) [he] applied for and was qualified for a particular position; (iii) [he] was rejected for the position; and (iv) after the rejection, the position remained open and [d]efendant continued to seek applications from persons with [p]laintiff's qualifications." *Cubbage v. Bloomberg, L.P.*, Civ. No. 05-2989, 2010 WL 3488619, at *14 (E.D. Pa. Aug. 31, 2010) (citing *Allen v. Nat'l R.R. Passenger Corp.*, Civ. No. 07–3781, 2005 WL 2179009, at *6 (E.D. Pa. Sept.6, 2005)).

The New Jersey Supreme Court has determined that NJLAD claims are subject to a two-year statute of limitations. *Smith v. Twp. of E. Greenwich*, 519 F. Supp. 2d 493, 505 (D.N.J. 2007), *aff'd*, 344 F. App'x 740 (3d Cir. 2009), *as amended* (Nov. 3, 2009) (quoting *Shepherd v. Hunterdon Dev. Ctr.*, 803 A.2d 611 (N.J. 2002)). The two-year statute of limitations begins to run upon the occurrence of a discrete retaliatory or discriminatory act. *Illas v. Gloucester Cty. Sheriff's Dept.*, No. 14-4061, 2015 WL 778806, at *4 (D.N.J. 2015) (quoting *Roa v. Roa*, 200 N.J. 555, 985 A.2d 1225 (N.J. 2010)). This is because "[d]iscriminatory termination and other similar abrupt, singular adverse employment actions that are attributable to invidious discrimination generally are immediately known injuries[.]" *Alexander v. Seton Hall Univ.,* 8 A.3d 198, 202 (N.J. 2010) (citing *Roa,* 985 A.2d at 1225).

However, "New Jersey courts recognize that [w]hen an individual is subject to a continual, cumulative pattern of tortious conduct, as is the case when a plaintiff is subject to a hostile work environment, the statute of limitations does not begin to run until the wrongful actions cease." *Sgro v. Bloomberg L.P.*, 331 Fed App'x 932, 938 (3d Cir. 2009). This is otherwise known as the "equitable continuing violations doctrine." *Id.* To qualify for the equitable continuing violations doctrine, "the plaintiff must establish that the harassment is more than the occurrence of isolated

8

or sporadic acts of intentional discrimination." *Id.* However, the Third Circuit, applying New Jersey law, has made clear that "discrete acts—such as demotions, . . . failures to promote, and other adverse employment actions . . . do not fall under the continuing violations doctrine" and therefore "are subject to the NJLAD's two-year statute of limitations." *Id.* at 938.

Here, Defendant argues that this litigation arises from a singular, discrete act, and therefore the two-year statute of limitations applies. (Opp. at 6.) The Court agrees. The alleged discriminatory act giving rise to this action occurred when Plaintiffs were demoted from vice principals to teachers, which, based on the facts alleged in the proposed Amended Complaint, occurred on June 30, 2016. (Proposed Am. Compl. ¶¶2, 71.) Because the demotion was a single discrete act, the alleged discrimination was actionable at the time the demotion occurred. *See Illas*, No. 14-4061, 2015 WL 778806, at *4. Accordingly, the statute of limitations period began to run on June 30, 2016 and expired on June 30, 2018. Because Plaintiffs did not file their Complaint until November 2018, the two-year statute of limitations bars the claim.

Plaintiffs argue that the Court should find that the continuing violations doctrine tolls the statute of limitations. (Reply at 6–8.) Plaintiffs' proposed Amended Complaint seeks to introduce two new allegations, which Plaintiffs argue support the continuing violations doctrine. First, Plaintiffs plead additional allegations surrounding the District's failure to comply with the Commissioner's directive to reinstate Plaintiffs in the Lead Educator title. (Proposed Am. Compl. ¶¶75-78.) Second, Plaintiffs plead that the District participated in an ongoing failure to promote Plaintiffs to the title of Lead Educator. (*Id.* ¶89.) Together, Plaintiffs argue that these allegations establish a "pattern of conduct which continues to present, and which constitutes a continuing violation[.]" (*Id.* ¶2.)

The Court finds these arguments unpersuasive. Even accepting these allegations as true, Plaintiffs fail to establish that this was more than a singular adverse employment action or that this rises to the level of a "continual, cumulative pattern of tortious conduct" that would allow Plaintiffs to invoke the continuing violations doctrine. Moreover, the proposed additions to the Amended Complaint make broad conclusory statements that "the District's efforts as outlined herein constitute a pattern of conduct which continues to present, and which constitutes a continuing violation for purposes of New Jersey Law Against Discrimination[.]" However, on a motion to dismiss, the Court cannot rely on legal conclusions unsupported by factual allegations.

In sum, the Court finds that the proposed amendments fail to establish that the continuing violations doctrine should toll the statute of limitations. Accordingly, the Court finds that the statute of limitations bars Plaintiffs' NJLAD claim. This remains true even if the Court were to allow Plaintiffs to amend their Complaint. Accordingly, the amendments are futile. Thus, the Court **denies** Plaintiffs' Motion for Leave to Amend.

### B. Motion to Dismiss

Defendant's Motion to Dismiss Count I of Plaintiffs' Complaint makes only one argument—that the NJLAD claim is barred by the applicable statute of limitations. Plaintiff has conceded that if the Motion for Leave to Amend is denied, then they "would not be in a position to oppose the District's instant motion to dismiss." (Doc. 30.) For all the aforementioned reasons, the Court concludes that the statute of limitations bars the NJLAD claim. Accordingly, the Court **grants** the Motion to Dismiss Count I of Plaintiffs' Complaint.

## IV.     Conclusion

For the reasons contained herein, Plaintiffs' Motion for Leave to File an Amended Complaint (Doc. 21) is **denied**, and Defendant's Motion to Dismiss (Doc. 20) is **granted**. An accompanying Order will issue.


Dated: 10/13/2020                                                                                                /s/ Robert B. Kugler
                                                                                                                            ROBERT B. KUGLER
                                                                                                                            United States District Judge